FULD & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 11, 1907.)

Nos. 117, 4,038.

CUSTOMS DUTIES—PROTEST—SUFFICIENCY.

An importer's protest read: "Protest is hereby made against * * * your decision assessing duty at 35 per cent. ad valorem, or other rate or rates, on lithographic prints, krippen, mechanical cards, etc., covered by entries below named. * * * This protest is intended to apply separately and collectively to every part of goods assessed under paragraph 418, as well as to all other goods assessed at 35 per cent. ad valorem." *Held*, that the protest was not insufficient because no part of the importation in question was assessed at the rate of 35 per cent. under paragraph 418 (Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1674]), or elsewhere, but should be construed as relating to lithographic prints and booklets assessed at other rates and under another paragraph than were mentioned in the protest.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 143 Fed. 920, which affirmed a decision of the Board of United States General Appraisers, which had overruled a protest against the assessment of duty by the collector of customs at the port of New York.

The pertinent part of said protest reads as follows: "Protest is hereby made against your ascertainment and liquidation of duties and your decision assessing duty at 35 per cent. ad valorem, or other rate or rates, on lithographic prints, krippen, mechanical cards, etc., covered by entries below named. The reasons for objection under the tariff act of July 24, 1897, are as follows: Said merchandise is lithographic prints. It is covered by paragraph 400, and is dutiable thereunder at five cents per pound, or six cents per pound, or other rate or rates, according to thickness, cutting size, etc. If not as aforesaid, it is printed matter or otherwise covered by paragraph 403, and is dutiable thereunder at only 25 per cent. ad valorem. This protest is intended to apply separately and collectively to every part of goods assessed under paragraph 418, as well as to all other goods assessed at 35 per cent. ad valorem."

It appeared that the merchandise covered by the entry mentioned in the protest consisted of lithographic prints and booklets, assessed at the rate of 20 cents per pound and 8 cents per pound, respectively, under Tariff Act 1897 (Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672]), and that no part of the importation was classified at 35 per cent. or under paragraph 418. The board held that the protest was insufficient on the ground that it was in terms confined to merchandise assessed at 35 per cent. and therefore could not be construed as covering the articles classified at a different rate. This ruling was affirmed by the circuit court in the decision above cited, but on different grounds from those stated by the board.

Comstock & Washburn (Albert H. Washburn, of counsel), for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. Decision reversed, for reasons orally stated at the close of the argument, and protest held to be a sufficient compliance under Customs Administrative Act June 10, 1890, § 14, par. 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933].